OPINION
{¶ 1} This is an appeal by defendant-appellant, Dannie Lee Hampton ("defendant"), from the judgment of conviction and sentence entered upon a jury verdict finding him guilty of violating R.C. 2911.12, burglary, a felony of the fourth degree.
 {¶ 2} On November 17, 2006, defendant and Anita Williams, with whom he lived, got into an argument, during which defendant allegedly slapped Williams. Thereafter, defendant gave Williams $100 to go shopping for food and cigarettes. Williams, instead, took the money and went to the apartment next door occupied by her friend, William Phillips, known to her as "Mr. Bill." Phillips permitted her to stay for approximately 45 *Page 2 
minutes to use his telephone to make several calls to friends and relatives for help. Williams eventually arranged for her daughter to come get her.
 {¶ 3} When Williams did not return, defendant left the apartment to look for her and found her in the building hallway waiting for her daughter to pick her up. When Williams saw defendant, she ran back into Phillips' apartment and closed and locked the door. Williams testified at trial that defendant then "busted the door down," entered the apartment, and confronted her. (Tr. 43.) He did not hit her. Phillips ordered defendant to leave. Phillips thought defendant was reaching for Williams' neck and called the police. Defendant then left Phillips' apartment and waited in the hallway for the police to arrive.
 {¶ 4} Defendant testified that when he saw Williams going into Phillips' apartment, he merely pushed the door and it broke. He said he apologized to Phillips and offered to pay for the door. Columbus police officers arrived to find defendant in the hallway yelling at Williams through the doorway into Phillips' apartment. Officer Andre Tate entered Phillips' apartment, saw that the door and the door frame in the hall had been broken, and noticed wood splinters on defendant's left shoulder. Officer Tate described the door: "There's a deadbolt and the deadbolt was actually engaged with the door still standing open and with half of the wood, like the deadbolt was engaged and the door was forced open." (Tr. 81.) Photos of the damage were taken and were received into evidence at the trial.
 {¶ 5} Defendant was arrested and subsequently indicted for one count of burglary in violation of R.C. 2911.12, a felony of the second degree. *Page 3 
 {¶ 6} After trial on January 24, 2006, the jury returned its verdict of guilty to the lesser-included offense of burglary, a violation of R.C. 2911.12(A)(4), a felony of the fourth degree, for which defendant was sentenced to serve a term of 12 months at the Ohio Department of Rehabilitation and Corrections with 70 days' credit for jail time served.
 {¶ 7} On appeal, defendant presents two assignments of error, as follows:
 I. THE TRIAL COURT VIOLATED DANNIE LEE HAMPTON'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN, IN THE ABSENCE OF SUFFICIENT EVIDENCE, THE TRIAL COURT FOUND HIM GUILTY OF BURGLARY IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT VIOLATED DANNIE LEE HAMPTON'S RIGHTS TO DUE PROCESS AND A FAIR TRIAL WHEN IT ENTERED A JUDGMENT OF CONVICTION FOR BURGLARY, WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION 16, ARTICLE I OF THE OHIO CONSTITUTION.
 {¶ 8} Defendant's argument in support of the first assignment of error challenges the sufficiency of the evidence to support the jury's verdict. Similarly, his argument in support of the second assignment of error challenges the manifest weight of the evidence to support the verdict.
 {¶ 9} In State v. Thompkins (1997), 78 Ohio St.3d 380, the Supreme Court of Ohio explained the inquiry to be made on appeal when reviewing both the sufficiency of the evidence and the manifest weight of the evidence received during a jury trial. *Page 4 
 {¶ 10} The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." Thompkins, supra, at 386. Defendant argues that the evidence is not sufficient because there is evidence that he broke Phillips' apartment door accidentally, not intentionally.
 {¶ 11} R.C. 2911.12, burglary, defines the elements of the offense of which defendant was convicted, as follows:
 (A) No person, by force, stealth, or deception, shall do any of the following:
 * * *
 (4) Trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
 {¶ 12} Williams and Phillips gave testimony describing defendant's violent breaking of the apartment door. Officer Tate described the broken condition of the door and door jamb upon his arrival at the scene. Phillips testified that defendant did not have permission to enter his apartment. It is not disputed that Williams and Phillips were in Phillips' apartment when defendant broke the door and entered. This evidence, considered most favorably for the prosecution, is legally sufficient to sustain the guilty verdict of the burglary offense as a matter of law. The first assignment of error is not well-taken. *Page 5 
 {¶ 13} The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test as to whether there is sufficient evidence to support the conviction. * * * Weight of the evidence concerns "the inclination of the greater amountof credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greateramount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's [Law Dictionary (6th Ed.1990)] at 1594). Thompkins, at 387.
 {¶ 14} With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but the court engages in a limited weighing of the evidence to determine whether there is sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. See State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387
 {¶ 15} Only defendant's testimony suggests an accidental, unintentional damaging of the door and entry upon the Phillips premises. His subsequent apology and offer to pay damages after the police were called does not prove an accident, but merely provides an alternative explanation for the broken door and defendant's entry into the apartment in which Williams and Phillips were present.
 {¶ 16} The existence of conflicting evidence does not render the evidence insufficient as a matter of law. State v. Murphy (2001).91 Ohio St.3d 516, 543. Nor is a conviction against the manifest weight of the evidence solely because the jury heard inconsistent testimony.State v. Kendall (June 29, 2001), Franklin App. No. 00AP-1098. *Page 6 
The trier of fact makes determinations of credibility and the weight to be given to the evidence. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 17} A reasonable person (juror), comparing the credibility of witnesses Williams, Phillips and Officer Tate with that of defendant in light of the physical evidence presented, would be entitled to believe the former, disregard the latter, and thus conclude that the evidence proves beyond a reasonable doubt an unprivileged, forcible entry by defendant into the occupied Phillips' apartment and thus conclude defendant's guilt of the offense beyond a reasonable doubt.
 {¶ 18} Because competent, credible evidence supports the jury's verdict, we cannot find the verdict to be against the manifest weight of the evidence. Accordingly, both of defendant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BRYANT and FRENCH, JJ. concur.
T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1